VICTOR V., a juvenile *vs.* COMMONWEALTH.

Suffolk. October 9, 1996. - November 14, 1996.

Present: WILKINS, C.J., ABRAMS, O'CONNOR, & FRIED, JJ.

*Moot Question. Delinquent Child. District Court,* Delinquent child. *Juvenile Court,* Delinquent child. *Statute,* Construction. *Bail.*

The pretrial preventive detention provisions of G. L. c. 276, § 58A, apply to juveniles and there was no inconsistency between that statute and G. L. c. 119, § 68, providing for pretrial detention of juveniles in certain circumstances. [793-797]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on July 10, 1995.

The case was heard by *Greaney, J.*

*Craig A. Cellitti* for the juvenile.

*Geraldine Griffin,* Assistant District Attorney, for the Commonwealth.

ABRAMS, J. The question presented is whether the pretrial detention provisions of G. L. c. 276, § 58A (1994 ed.),[1] apply to juveniles. The juvenile was charged with armed assault with intent to rob, and assault and battery by means of a dangerous weapon in a juvenile session of a District Court. A District Court judge found that the Commonwealth had shown by clear and convincing evidence that, pursuant to G. L. c. 276, § 58A, the juvenile should be held in pretrial detention without bail. The juvenile petitioned a single justice of this court for release on bail pursuant to G. L. c. 211, § 3 (1994 ed.). Bail was denied. The juvenile timely appealed.

Subsequently, the ninety-day maximum period of detention under G. L. c. 276, § 58A, expired, and the District Court ordered the juvenile held on $2,000 cash bail. Following a

[1]Shortly after the juvenile's arraignment on June 7, 1995, G. L. c. 276, § 58A, was amended. St. 1995, c. 39, § 13, effective June 21, 1995. The amendment does not affect the question presented, and we consider the statute as it appeared at the time of the juvenile's arraignment.

bench trial, the juvenile was adjudicated delinquent on charges of armed assault with intent to murder[2] and assault and battery by means of a dangerous weapon. The judge then ordered a new trial, sua sponte, on the ground that he had erred in not granting the juvenile's motion for a required finding of not delinquent.[3]

The juvenile concedes that, because he is no longer being held pursuant to G. L. c. 276, § 58A, this appeal is now moot. The juvenile, however, asks that we decide this issue in view of the significant public interest in determining whether juveniles determined to be dangerous may be held in pretrial detention without bail. We conclude that, for the reasons stated in *Mendonza* v. *Commonwealth*, "it is entirely appropriate that we proceed to adjudicate [this] claim[ ]." *Ante* 771, 777 (1996). We conclude that G. L. c. 276, § 58A, applies to juveniles.

We start with the proposition that where the statutory language is clear, the courts must give effect to the plain and ordinary meaning of the language. *Commonwealth* v. *One 1987 Mercury Cougar Auto.*, 413 Mass. 534, 537-538 (1992), and cases cited. *Id.* See *Rambert* v. *Commonwealth*, 389 Mass. 771, 773 (1983) ("The language of a statute is not to be enlarged or limited by construction unless its object and plain meaning require it").

General Laws c. 276, § 58A (1) (1994 ed.), provides: "The commonwealth may move, based on dangerousness, for an order of pretrial detention or release on conditions for *a felony offense* that has as an element of the offense the use, attempted use, or threatened use of physical force . . ." (emphasis added). General Laws c. 276, § 58A (2) (1994 ed.), provides: "Upon the appearance before a superior court or *district court* judge of an *individual charged with an offense* listed in subsection (1) and upon the motion of the commonwealth, the judicial officer shall hold a hearing pursuant to subsection (5)" (emphasis added). By its express terms, § 58A applies to

---

[2]The complaint charging armed assault with intent to rob was dismissed for lack of probable cause. The Commonwealth then charged the defendant with armed assault with intent to murder.

[3]The juvenile has since moved to dismiss the complaints or, alternatively, requested a finding of not delinquent on double jeopardy grounds. These motions were pending at the time of oral argument.

any "individual" charged with "a felony offense."[4] In the absence of any statutory language indicating that the word "individual" excludes juveniles, juveniles are properly within the word "individual." See *Commonwealth* v. *Shipps*, 399 Mass. 820, 832-833 (1987) (construing statutory term "whoever" to include juveniles as individuals subject to fingerprinting and photographing under G. L. c. 263, § 1A).

Section 58A also expressly states that it applies on an individual's appearance before a Superior Court or *District Court* judge. Absent an explicit provision excluding juvenile delinquency proceedings, the term "District Court" is used in the General Laws to mean that a statute is applicable to juvenile proceedings in *any* court, whether it be the juvenile session of a district court or a distinct Juvenile Court. Specifically, G. L. c. 218, § 59 (1994 ed.), provides that "[e]xcept as otherwise provided by law, the divisions of the juvenile court department shall have and exercise, within their respective jurisdictions, the same powers, duties, and procedure as the divisions of the district court department; and *all laws relating to district courts or municipal courts in their respective counties or officials thereof or proceedings therein, shall, so far as applicable, apply to said divisions of the juvenile court department*" (emphasis added).

Our procedural rules are consistent with the General Laws in using the term "District Court" to encompass the Juvenile Court Department. Rule 204 of the Special Rules of the District Courts of Massachusetts (1996) provides that the "Rules of the District Courts which are applicable in proceedings against adults shall, so far as pertinent, be applicable in proceedings against children between the ages of seven and seventeen, *except as otherwise expressly provided*" (emphasis added). See *Commonwealth* v. *Perry P.*, 418 Mass. 808, 812-813 & n.4 (1994). Also, Mass. R. Crim. P. 1 (b), 378 Mass. 842 (1979), provides that the Massachusetts Rules of Criminal Procedure "govern the procedure in all criminal proceedings in the District Court, in all criminal proceedings in the Superior Court, *in all delinquency proceedings in the District*

---

[4]The juvenile argues that § 58A cannot apply to juveniles because the Legislature has expressly provided that "[p]roceedings against children . . . shall not be deemed criminal proceedings." See G. L. c. 119, § 53 (1994 ed.). However, although the juvenile cannot be adjudged a "felon" because he is a juvenile, he is nonetheless charged with a "felony offense."

*Court and Superior Court consistent with the General Laws"*
(emphasis added). There, the term "District Court" is
expressly defined as encompassing "all divisions of the District
Court Department of the Trial Court, the Boston Municipal
Court Department of the Trial Court, and the Juvenile Court
Department of the Trial Court, or sessions thereof for hold-
ing court." Mass. R. Crim. P. 2 (b) (7), 378 Mass. 844 (1979).
The General Laws and these procedural rules buttress our
conclusion that, had the Legislature intended to preclude the
application of G. L. c. 276, § 58A, to juvenile offenders, it
would have expressly excluded juveniles within the text of the
statute. Thus, the plain and ordinary language of the statute
compels the conclusion that § 58A applies to all individuals
charged with a felony offense, including juveniles.

The juvenile argues that the application of § 58A to
juveniles is precluded by G. L. c. 119, § 68 (1994 ed.), which
provides for the pretrial detention of juveniles within the
chapter of the General Laws governing juvenile delinquency
proceedings. We disagree. Section 68 of G. L. c. 119 expressly
provides for the pretrial detention of juveniles only in those
cases in which a juvenile is unable to furnish the amount of
bail set, or in those cases in which a juvenile offender is al-
ready in the custody of the Department of Social Services. In
contrast, § 58A provides for the preventive detention, without
the benefit of bail, of juveniles who are charged with a serious
felony and adjudicated "dangerous" offenders. Although the
statutes address similar matters, § 58A simply provides for
pretrial detention in circumstances which are not addressed
by G. L. c. 119, § 68. Thus, the two statutes are not inconsis-
tent.

We also disagree with the juvenile's contention that § 58A
is at odds with the rehabilitative goals of the juvenile justice
system. While children brought before the court "shall be
treated, not as criminals, but as children in need of aid,
encouragement and guidance," G. L. c. 119, § 53 (1994 ed.),
the pretrial detention of juveniles pursuant to G. L. c. 276,
§ 58A, in no way supplants this rehabilitative goal. Section
58A is simply a measure intended to protect the public from
the violent acts of a dangerous individual, whether a juvenile
or an adult, while that individual's trial is pending. As ap-
plied to juveniles, § 58A merely provides a mechanism by
which to hold a juvenile until after delinquency proceedings

decide whether the child is delinquent and needs rehabilitation.

Judgment shall be entered in the county court dismissing the action as moot.

*So ordered.*