McCann, J.
INTRODUCTION
For the plaintiff, Edward A. Broderick, Esq. and Matthew P. McCue, Esq.
For the defendant, John C. Ottenberg, Esq. and William D. Chapman, Esq. and Steven Paul Rahavy, Esq.
FACTUAL BACKGROUND
The plaintiff, Thomas Mulhern (Mulhern), is a resident of Shrewsbury, Massachusetts. The defendant, John MacLeod d/b/a ABC Mortgage Company (ABC), has a principal place of business in Braintree, Massachusetts. The plaintiff, Mulhern, brought suit on his own behalf individually and on behalf of a class of all persons and entities similarly situated. Referring to Mulhern in this Memorandum of Decision is a reference to him in his individual capacity and the class of persons represented by him who are similarly situated.
The claims of Mulhern arise pursuant to the provisions of the Telephone Consumer Protection Act, 47 U.S.C. §227 (TCPA), a federal statute enacted by congress in 1991. It prohibits unreasonable invasions of privacy via certain telemarketing practices. One of the express provisions of TCPA prohibits the use of a facsimile machine to send unsolicited advertisement for goods and services.
The TCPA, 42 U.S.C. §227(b)(3), provides for a private right of action in state courts as follows.
A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State, (a) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, (b) an action to recover for actual monetary loss from such a violation, or to recover $500 in damages for each violation, whichever is greater, or (c) both such actions.
The federal regulations implementing TCPA similarly provide that no person may “. . . use a telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine.” 47 CFR §64.1200(a)(3).
Mulhern brings the action individually and as the representative of all members of the class pursuant to Rule 23 of the Massachusetts Rules of Civil Procedure.
Between December 26, 2000 and January 28, 2002, ABC sent fifteen unsolicited mortgage advertisements by unsolicited facsimile advertisement to Mul-hern notwithstanding a protest of Mulhern sent on January 25, 2001. Mulhern brought a six-count complaint. Count I, violation of the TCPA by sending unsolicited fax advertisements; Count II, injunctive relief to bar future TCPA violations; Count III, injunc-tive relief seeking the preservation of evidence.
ABC Mortgage Company filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction on the grounds that TCPA provides for a private right of action in a state court but only “if otherwise permitted by the laws or rules of court of a state . . .” 47 U.S.C. §227(b)(3). He suggests that in the absence of express state legislation “permitting” such cases to be heard, a state court lacks subject matter jurisdiction over cases predicated on such claims. He asserts thatMassachu- *684 setts has not enacted enabling legislation and therefore the court lacks subject matter jurisdiction to hear the case.
DISCUSSION
Several actions were initiated by private individuals in the federal courts with differing results and the federal courts have now ruled that the federal courts lack jurisdiction to hear a private right of action to enforce TCPA. Kerno, Inc. v. Fax Daily, Inc., 904 F.Sup. 912 (S.D.Ind. 1995), after reconsideration, 962 F.Sup. 1162 (S.D.Ind. 1997). In contrast, actions brought by state Attorney Generals are specifically authorized by TCPA to be heard, and heard exclusively, in the federal court. 47 U.S.C. §(f)(l)(2).
The issue of whether a private individual has a right to commence suit as a private individual in the Massachusetts State Courts under the Federal Telephone Consumer Protection Act appears to be a matter of first impression before the Massachusetts courts. Other states have dealt with the issue and chose varying interpretations. Some chose a so-called “opt in” approach meaning that a state must expressly authorize its courts or a particular court to hear such cases. Some states adopt a so-called “opt out” approach meaning that a state must expressly enact legislation to decline to hear such cases. One state, Texas, and one Federal Court have adopted the “opt in” analysis. Autoflex Leasing v. Mfrs. Auto Leasing, 16 S.W.3d 815 (Tex.App.-Fort Worth 2000), Nicholson v. Hooters of Augusta, (No. 95-00101-CV-1) (S.D.Ga. 1996) (overturned on appeal on other grounds when 11th Circuit ruled that Federal Courts lack subject matter jurisdiction over private actions under TCPA, Nicholson v. Hooters of Augusta, 136 F.3d 1287 (11th Cir. 1998), reh’g granted, 140 F.3d 898 (11th Cir. 1998)).
The clause in question is "... if otherwise permitted by the laws or rules of court of a state . . .” A fundamental principle of statutory construction is that a court must give effect to the plain and ordinary meaning of the language of a statute. Victor Vee v. Commonwealth, 423 Mass. 793 (1996). One must look to the laws or rules of court of each particular state to determine whether TCPA actions are permitted thereunder. Autoflex Leasing, supra, Nicholson v. Hooters of Augusta., supra (“permit” means to “allow to be done” or “agree to”). Webster’s New Universal Unabridged Dictionary, 1989 at 1073. Its antonym is “refuse.” Id. Therefore, TCPA requires one to look at state law, in this case Massachusetts, to determine whether the state “allows” or has “agreed to” the action being filed in its court. The legislative history of TCPA, based upon the statute’s plain and ordinary meaning, suggest the “opt in” construction.[1]
Another concern is the constitutional concern under the Tenth Amendment. Congress may not unduly burden a state court system without a state’s permission and cannot impermissibly commandeer state courts. Intern Science & Tech Institute v. Inacon Comm., 106 F.3d 1146 (4th Cir.) (1997). This concept appears to be reaffirmed in paragraph 206 of the Report and Order of the Federal Communications Commission adopted June 26, 2003 and released July 3, 2003 wliich states in that paragraph’s first sentence: “The Commission declines to make any determination about the specific contours of the TCPA’s private right of action ...”
States should have the right to decide whether to undertake the burden of handling anticipated large volume cases and if so by selecting the court or courts within the state which would be appropriate to hear such cases. In all likelihood TCPA could spawn a flood of private actions congesting state courts. Congress made a finding that eighteen million telemarketing calls were made each day and indicated a legitimate interest and concern that TCPA not over burden state and federal courts. Pub. L. No. 102-243, Section 2(3), 105 Stat. 2394 (1991), Intern Science and Tech Institute, supra.
Massachusetts has a statutory and regulatory scheme enacted in 1986. G.L.c. 159, §19B-19E; 220 CMR 37. A person who does not want unsolicited telemarketing communications can notify their local exchange carrier that they do not wish to receive such communications. Failure to comply can result in disciplinary action. In 2002, the general court enacted G.L.c. 159C which became effective January 1, 2003. It is the telemarketing solicitation act. It creates penalties for the transmission of unsolicited facsimiles including the right to recover damages of $5,000, attorneys fees, and penalties. It also allows for a private right of action to enforce the violations in Massachusetts courts. This Court presumes that in 2002 when the General Court enacted G.L.c. 159C that it was aware of TCPA because TCPA’s enactment dates back to 1991. However, the Massachusetts Legislature chose not to include any reference to TCPA or a private right of action under TCPA. This Court concludes that the Massachusetts Legislature therefore chose not to afford access to the Massachusetts courts by private citizens for violations of TCPA. Sullivan v. Town of Brookfield, 435 Mass. 353 (2001).
Maryland recently determined that no private cause of action may be brought in Maiyland to enforce the TCPA. Ponti Architects Limited v. Investors Alert, Inc., Maryland Court of Special Appeals Reports, January 29, 2003.
This Court rules that Massachusetts should not adopt the “opt out” theory. This Court rules that historical rules and legislative history coupled with recent statutory enactments by the Massachusetts Legislature indicate that TCPA is clearly an “opt in” statute. Massachusetts has chosen not to enact enabling legislation and has, therefore, not “opted in” to allow a private action in a state court by TCPA. Therefore, this Court concludes that Thomas Mulhem, individually and on behalf of a class of all persons and *685 entities similarly situated, is not entitled to entertain a private cause of action under TCPA in the state courts of Massachusetts without appropriate enabling legislation. Because the plaintiffs complaint is dismissed, which is the underpinning of the Third-Party Complaint, the Third-Party Complaint is also dismissed.
ORDER
For the reasons set forth herein, the Court ALLOWS the Motion to Dismiss by the defendant John G. MacLeod, d/b/a ABC Mortgage Company, and the complaint of Thomas Mulhem, individually and on behalf of a class of all persons and entities similarly situated, is therefore DISMISSED. The Third-Party Complaint is also DISMISSED.

 Legislative history is set forth in defendants’ Memorandum in Support of Motion to Dismiss. See also 237 Cong. Rec. S16205-06, Daily Ed. November 7, 1991; Hooters of Augusta, Inc. v. Nicholson, supra; Autoflex Leasing, supra.