COMMONWEALTH *VS.* LESTER L., a juvenile.

Suffolk. September 6, 2005. - October 7, 2005.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Due Process of Law,* Pretrial detainees, Continuance, Hearing. *Constitutional Law,* Preventive detention, Right to hearing, Probable cause. *Practice, Criminal,* Detainer, Continuance, Probable cause hearing. *Probable Cause. Bail. Moot Question.*

This court agreed to consider a case that was moot, where otherwise the issues involved would almost certainly evade review. [253]

Discussion of G. L. c. 276, § 58A, which allows the Commonwealth to move for pretrial detention of a person charged with certain enumerated felonies and other offenses involving the use, or threatened use, of violence, or the violation of protective orders. [253-254]

This court concluded that the Commonwealth may make the showing of probable cause required by G. L. c. 276, § 58A (4), for the continuance of a hearing as to a criminal defendant's dangerousness by means of a complaint issued in accordance with court rules or, alternatively, by means of reading a police report to the judge [254-256]; further, this court concluded that at a continuance hearing, the defendant has the right to be represented by counsel who may make representations and arguments before the judge, but does not have the right to cross-examine witnesses or present evidence [256-260]; finally, this court concluded that upon a showing of probable cause to arrest and good cause to continue a dangerousness hearing, the judge has no discretion to release the defendant on bail [260-261].

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on December 14, 2004.

The case was reported by *Spina,* J.

*Jane Davidson Montori,* Assistant District Attorney, for the Commonwealth.

*Erica E. Cushna* for the juvenile.

COWIN, J. This matter, here on a reservation and report by a single justice of this court on the Commonwealth's petition under G. L. c. 211, § 3, requires us to interpret the provision in G. L. c. 276, § 58A, that authorizes limited continuances of dangerousness hearings for pretrial detention. After a Juvenile

Court judge granted the Commonwealth's request to continue a hearing for pretrial detention, she released the juvenile on bail pending that hearing, prompting the Commonwealth to file the instant petition. The single justice reserved and reported the following questions to the full court:

> (1) How may the Commonwealth make a showing of probable cause required by G. L. c. 276, § 58A (4) (i.e., may it rely on the issuance of the complaint, or may the prosecutor read from the police report)?

> (2) What rights does a defendant have at such a continuance hearing (i.e., may the defendant cross-examine witnesses or present evidence)?

> (3) Upon a showing of probable cause by the Commonwealth, may a judge order a defendant held on bail or release him on his personal recognizance?

We conclude that the Commonwealth may show probable cause by a complaint issued in accordance with court rules or by reading the police report to the judge; that the continuance determination may be made after a hearing where a defendant is represented by counsel with the opportunity to make representations and arguments before the court, but without a right to cross-examine witnesses or present evidence; and that such a defendant must be detained pending a dangerousness hearing on the grant of a continuance.

*Facts.* On December 8, 2004, the Al Baqi mosque in Springfield was burglarized, vandalized, and set on fire. The fifteen year old juvenile was one of several people arrested for the incident on December 14, 2004. He was arrested without a warrant.[1] On the same day, an assistant clerk of the Springfield Division of the Juvenile Court Department issued delinquency complaints against the juvenile for burning a building or structure, breaking and entering a building in the daytime with the intent to commit a felony, and larceny of property over

---

[1] We assume that the juvenile was arrested without a warrant. The record does not contain any indication that a warrant was issued for his arrest. Furthermore, the Commonwealth does not contest the juvenile's argument that Trial Court Rule XI (e) (1), Uniform Rule for Probable Cause Determinations for Persons Arrested Without a Warrant (2005), was applicable.

$250. Neither the complaint papers themselves nor any other portion of the record contains a written determination that probable cause was found prior to the issuance of the complaints.

The juvenile appeared before a Juvenile Court judge for arraignment at approximately 4:20 P.M. on December 14, 2004, represented by appointed counsel. At this first appearance, the Commonwealth moved pursuant to G. L. c. 276, § 58A, to detain the juvenile until trial, and simultaneously requested a continuance of the detention hearing.[2] See G. L. c. 276, § 58A (4). In response to the juvenile's request to conduct the dangerousness hearing immediately, the judge responded that it was too late to conduct the hearing that day.[3]

Despite the hour, the judge permitted both counsel to be heard on the subject of a continuance. They argued about the legal requirements for continuing a dangerousness hearing, the propriety of release pending the hearing, and the juvenile's prior record as it related to signs of dangerousness. The assistant district attorney read from the police report and explained her reasons for seeking pretrial detention. The juvenile's counsel contended that the police report mischaracterized the juvenile's statement to the police.

After the presentation by counsel, the judge found probable cause to arrest, see G. L. c. 276, § 58A (4) ("During a continuance, the individual shall be detained upon a showing that there existed probable cause to arrest the person"), as well as good cause for a continuance, see *Mendonza* v. *Commonwealth*, 423 Mass. 771, 792 (1996) ("The sensible reading of the continuance provision is to allow such a three-day continuance at the request of the Commonwealth only if the Commonwealth can

---

[2]The Commonwealth did not request a continuance for a specific number of days. Rather, the assistant district attorney stated that pursuant to G. L. c. 276, § 58A, "the Commonwealth would request a dangerousness hearing and ask for a date on that hearing now." The judge treated the Commonwealth's request as one for a three-day continuance.

[3]The juvenile argues that the lateness of the hour did not constitute good cause to continue the dangerousness hearing for three days. The question whether the lateness of the hour at which the Commonwealth requests a dangerousness hearing can properly constitute good cause to continue the hearing for three days was not reserved and reported by the single justice; therefore, we do not address it. See *Commonwealth* v. *Knapp*, 441 Mass. 157, 158 n.3 (2004).

show good cause for it"). The judge granted a three-day continuance of the pretrial detention hearing, but released the juvenile on bail pending the hearing.

*Mootness.* This case is moot. The Commonwealth eventually nolle prossed the arson charge, and pretrial probation (agreed on by the parties) was imposed on the other charges, so the juvenile no longer faces the prospect of pretrial detention pursuant to G. L. c. 276, § 58A, and the three-day continuance to conduct a dangerousness hearing pursuant to § 58A (4) has long since passed. Nevertheless, review of the reported questions by this court is appropriate. The operation of the § 58A (4) continuance provision is of recurring importance in the Commonwealth, yet the very short time during which a continuance can be considered and granted means that questions concerning the process would almost certainly evade review. See, e.g., *Mendonza* v. *Commonwealth, supra* at 777; *Aime* v. *Commonwealth,* 414 Mass. 667, 670 (1993).

*Pretrial detention.* General Laws c. 276, § 58A, allows the Commonwealth to move for pretrial detention of a person charged with certain enumerated felonies and other offenses, including arson, involving the use, or threatened use, of violence, or the violation of protective orders. G. L. c. 276, § 58A (1). We have previously upheld the statute against a facial due process challenge, *Mendonza* v. *Commonwealth, supra* at 773, and we have held it applicable to juveniles appearing in delinquency proceedings, *Victor V.* v. *Commonwealth,* 423 Mass. 793, 794-795 (1996). A judge may impose such pretrial detention (for up to ninety days unless good cause exists to extend the detention) only after a hearing at which the judge determines by clear and convincing evidence that no conditions of release will reasonably assure the safety of any other persons or the community. § 58A (3). In making such a determination, the judge must consider, inter alia, the nature and seriousness of the danger posed by the arrested person if released, the nature and penalties of the offense charged, family ties, employment, prior record and history of mental illness, and whether the person is on bail for other charges. § 58A (5).

The statute sets forth the procedural requirements of the dangerousness hearing. The defendant has the right to be present

and to be represented by counsel. The defendant also has the right to testify, to present witnesses, to provide additional information to the court, and to cross-examine the Commonwealth's witnesses. § 58A (4). However, the statute specifies that the rules of evidence applicable in a criminal trial do not apply at the hearing. *Id.*

The portion of the statute relevant to this case provides that the dangerousness hearing shall be held immediately, but also provides for the possibility of a brief continuance. In part, § 58A (4) states:

> "The [dangerousness] hearing shall be held immediately upon the person's first appearance before the court unless that person, or the attorney for the commonwealth, seeks a continuance. Except for good cause, a continuance on motion of the person may not exceed seven days, and a continuance on motion of the attorney for the commonwealth may not exceed three business days. During a continuance, the individual shall be detained upon a showing that there existed probable cause to arrest the person."

We have previously construed this continuance provision as allowing any continuance "at the request of the Commonwealth only if the Commonwealth can show good cause" for a continuance as well as probable cause to arrest. *Mendonza* v. *Commonwealth, supra* at 790, 792. The *Mendonza* court also stated that "[t]he judge should then make a specific finding that such [good] cause has been shown and what such [good] cause is." *Id.* at 792. We must now determine how the showing of probable cause may be made; what sort of hearing is required at the continuance phase; and whether the judge must order the defendant held during the continuance period.

*Discussion.* 1. As to the manner in which the Commonwealth may make the showing of probable cause to arrest at the continuance hearing, the Commonwealth contends that the issuance of a complaint satisfies its burden, and that, alternatively, its attorney may make the showing by reading a police report to the judge. We agree.

General Laws c. 276, § 58A (4), provides that "[d]uring a continuance, the individual shall be detained upon a showing that there existed *probable cause to arrest* the person" (emphasis

added). "[P]robable cause [to arrest] exists where, at the moment of arrest, the facts and circumstances within the knowledge of the police are enough to warrant a prudent person in believing that the individual arrested has committed or was committing an offense." *Commonwealth* v. *Santaliz*, 413 Mass. 238, 241 (1992), quoting *Commonwealth* v. *Storey*, 378 Mass. 312, 321 (1979), cert. denied, 446 U.S. 955 (1980). A determination of probable cause to arrest may be based on hearsay evidence. *Meyers* v. *Commonwealth*, 363 Mass. 843, 849 n.6 (1973). Because this definition and the associated evidentiary requirements had been established by 1994, the year in which the continuance provision was added, see St. 1994, c. 68, § 6, we presume that the Legislature was aware when it selected the probable cause to arrest standard that it could be satisfied by hearsay evidence. See, e.g., *Commonwealth* v. *Brown*, 431 Mass. 772, 777 (2000); *Opinion of the Justices*, 408 Mass. 1215, 1222 (1990).

A properly issued complaint is one based on a finding of probable cause to arrest and thus satisfies the Commonwealth's burden for purposes of the continuance hearing. The rule governing issuance of a complaint, as to cases initiated on or after September 7, 2004, is Mass. R. Crim. P. 3 (g) (2), as appearing in 442 Mass. 1501 (2004): "The appropriate judicial officer shall not authorize a complaint unless the information presented by the complainant establishes probable cause to believe that the person against whom the complaint is sought committed an offense."[4] As the Reporters' Notes to the revised rule indicate, the standard of probable cause to authorize a

---

[4]The requirement that a judicial officer make a finding of probable cause before issuing a complaint against a person arrested without a warrant is new to the rules of criminal procedure. See *District Attorney for the Norfolk Dist.* v. *Quincy Div. of the Dist. Court Dep't*, 444 Mass. 176, 185-186 & n.16 (2005). Under prior practice, when a complaint was sought against a person who had been arrested without a warrant, a judicial officer did not evaluate the justification for initiating criminal proceedings. Now the determination of probable cause is made by a judicial officer in all cases before a complaint issues. *Id.* at 186. See Reporters' Notes to Mass. R. Crim. P. 3, 43C Mass. Gen. Laws Ann., Rules of Criminal Procedure, at 44 (Supp. 2005). Mass. R. Crim. P. 3 (g) (2), as appearing in 442 Mass. 1502 (2004), took effect on September 7, 2004, and applies to all cases initiated on or after that date. *District Attorney for the Norfolk Dist.* v. *Quincy Div. of the Dist. Court Dep't*, *supra* at 186.

complaint is the same as the standard that governs the grand jury's decision to issue an indictment. Reporters' Notes to Mass. R. Crim. P. 3, 43C Mass. Gen. Laws Ann., Rules of Criminal Procedure, at 44 (Supp. 2005). See *Commonwealth* v. *O'Dell*, 392 Mass. 445, 450 (1984), quoting *Commonwealth* v. *McCarthy*, 385 Mass. 160, 163 (1982) ("at the very least the grand jury must hear sufficient evidence to establish the identity of the accused . . . and probable cause to arrest him").

A properly issued complaint, then, carries with it a finding by a judicial officer of "sufficient evidence to establish the identity of the accused . . . and probable cause to arrest him" for one of the specific offenses enumerated in the statute. *Id.* Such a determination by a judicial officer satisfies the standard set out in § 58A (4). The facts that the complaint may have issued based on hearsay and that the underlying witnesses are not before the judge hearing the continuance request pose no problem in terms of making the probable cause showing, because such evidence is permissible in the probable cause to arrest context.

There may be cases where a complaint has not been properly issued. For example, Trial Court Rule XI (e) (1), Uniform Rule for Probable Cause Determinations for Persons Arrested Without a Warrant (2005), requires that the probable cause to arrest determination made by a judicial officer before issuance of the complaint be *reduced to writing*. When failure to comply with this procedure or any other defect in the issuance of a complaint is established, probable cause may be shown by reading or summarizing the police report. The recitation conveys the underlying facts available to the officer and allows the judge to determine whether they warrant a prudent person in believing that the defendant committed an offense.[5]

2. The second reported question asks what rights a defendant

---

[5]In this case, for example, the complaint did not comply with Trial Court Rule XI because the clerk never put a probable cause determination in writing. Nevertheless, the reading of the police report set forth the officer's representations of a break-in and robbery at the mosque, as well as interviews with Mirandized codefendants and the juvenile indicating that the juvenile entered the building, searched for valuables, and was with others who removed items. Finally, the report stated "that two fires were deliberately set." Such a factual picture would warrant a prudent person in concluding that the juvenile committed the offense of arson.

has at a continuance hearing — for example, whether the defendant may cross-examine witnesses or present evidence. Because the decision to continue a G. L. c. 276, § 58A, dangerousness hearing results in a deprivation of the person's liberty, see *infra*, principles of due process dictate the minimum procedural rights to which he is entitled at the hearing. See *Mathews* v. *Eldridge*, 424 U.S. 319, 332 (1976); *Mendonza* v. *Commonwealth*, 423 Mass. 771, 790 (1996); *Commonwealth* v. *Travis*, 372 Mass. 238, 250 (1977). We conclude that due process is satisfied by a hearing where the defendant, represented by counsel, is afforded the opportunity to make representations and arguments but not the right to present evidence or cross-examine witnesses.

Procedural due process is a flexible concept, see *Roe* v. *Attorney Gen.*, 434 Mass. 418, 427 (2001), and the features of the required hearing are determined by the "nature of the case." *Mullane* v. *Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950). "Where, as here, the government interferes with an individual's protected liberty interest, we must balance the interest of the individual affected, the risk of erroneous deprivation of that interest, and the government's interest in the efficient administration of its affairs." *Commonwealth* v. *Knapp*, 441 Mass. 157, 166 (2004). See *Mathews* v. *Eldridge, supra* at 334-335; *Aime* v. *Commonwealth*, 414 Mass. 667, 675 (1993). A permanent and possibly lengthy infringement of a defendant's liberty interests, such as occurs where there is an ultimate determination of guilt in a criminal trial, entitles a defendant to the full range of due process protections including trial by jury, the right to present evidence and to cross-examine witnesses. Where the infringement on a defendant's liberty interests is of short duration and not final, the requirements of due process are reduced concomitantly.

Both the private and governmental interests at the continuance phase are significant. An erroneous determination that a continuance is justified infringes on the defendant's liberty interest because it leads to unwarranted detention until the dangerousness hearing. "[C]onfinement without legal justification is never innocuous." *Commonwealth* v. *Kennedy*, 435 Mass. 527, 530 (2001). This consequence is limited, however, as deten-

tion pending a continuance is temporary. The statute provides that in the absence of good cause the continuance "may not exceed three business days," after which the Commonwealth must make a showing of dangerousness by clear and convincing evidence to detain the defendant for up to ninety days pending trial. See G. L. c. 276, § 58A (3), (4). The Commonwealth's interest, on the other hand, is ensuring that an individual who might otherwise be detained pending trial after a dangerousness hearing conducted pursuant to G. L. c. 276, § 58A (4), is not released simply because the Commonwealth requires a short time to obtain witnesses and other evidence necessary for the full dangerousness hearing.

A judge may grant a continuance at the Commonwealth's request only after determining that probable cause to arrest existed for one of the specific crimes listed in the statute, and that the Commonwealth showed good cause to continue the dangerousness hearing. See § 58A (4); *Mendonza* v. *Commonwealth, supra* at 790-792. Such determinations can be made without a full evidentiary hearing without significant risk of an erroneous deprivation of liberty. See *Paquette* v. *Commonwealth*, 440 Mass. 121, 133 (2003), cert. denied, 540 U.S. 1150 (2004), citing *Querubin* v. *Commonwealth*, 440 Mass. 108, 118 (2003). A defendant, therefore, is adequately protected by a hearing in which he is represented by counsel who can make representations and arguments to the judge. Although a defendant does not have a right to cross-examine witnesses or present evidence, the hearing can be expanded at the judge's discretion to include those or other procedures. Cf. *Paquette* v. *Commonwealth, supra.*

The probable cause to arrest standard, by its nature, focuses on whether the information available to a police officer meets a certain threshold and does not call for testing the information through adversary procedures. This determination "does not require the fine resolution of conflicting evidence that a reasonable-doubt or even a preponderance standard demands, and credibility determinations are seldom crucial in deciding whether the evidence supports a reasonable belief in guilt." *Gerstein* v. *Pugh*, 420 U.S. 103, 121 (1975).

We previously addressed the minimum procedures required at

a postarrest determination of probable cause to arrest. *Jenkins* v. *Chief Justice of the Dist. Court Dep't*, 416 Mass. 221 (1993). The *Jenkins* case involved warrantless arrests and pretrial detention. *Id.* at 223. The *Jenkins* court concluded that the probable cause to arrest determination may be made by a judicial officer at an ex parte proceeding, based on the written or verbal affirmation of an arresting officer. *Id.* at 244, citing *Commonwealth* v. *Smallwood*, 379 Mass. 878, 885 (1980). The procedures we adopt for a continuance hearing provide the defendant with greater protections against an erroneous determination.

The second determination made as part of the continuance decision is whether the Commonwealth has shown good cause to continue the dangerousness hearing. The relevant inquiry at the hearing focuses on the Commonwealth's reasons for requesting a continuance, such as whether it needs time to bring a witness before the court or gather the evidence necessary to make a clear and convincing showing of dangerousness. This information can ordinarily be conveyed to the judge by representation. The strength and adequacy of the Commonwealth's stated reasons usually may be tested by opposing counsel's representations and arguments. Thus, there is adequate opportunity to point out logical or practical flaws in the Commonwealth's stated reasons, as well as to alert the judge to situations where the defendant believes the continuance is being requested for improper reasons. Although the judge is assisted by adversary argument on this score, adding evidentiary procedures would typically add little value to the judge's ability to assess the Commonwealth's need for a continuance.[6] However, in the unusual instance where such procedures might assist the judge in making a determination, counsel's representations and arguments can alert the judge to that fact. In such cases, the judge has discretion to expand the proceeding to include the presentation of evidence, cross-examination, or some other procedure as

[6]In this case, for example, defense counsel suggested to the judge that the decision to seek a dangerousness determination was simply a political decision by the district attorney. It would be highly impractical to present evidence or cross-examine on this point. Argument suffices to alert the judge to scrutinize the Commonwealth's request for a continuance for signs that it was politically motivated.

the situation warrants. Cf. *Querubin* v. *Commonwealth, supra* at 118.

Finally, although our decision is based on consideration of the nature of the determinations to be made at the continuance hearing, as well as the interests involved, our conclusion comports with our prior determinations in the related contexts of bail denial pursuant to G. L. c. 276, § 57, see *Querubin* v. *Commonwealth, supra* at 117-119, and bail revocation pursuant to G. L. c. 276, § 58, see *Paquette* v. *Commonwealth, supra* at 131-133. Both the *Paquette* and *Querubin* cases concluded that potentially lengthy pretrial commitment could be imposed based on findings made at hearings where the defendant did not have the right to present evidence or cross-examine witnesses. See *Paquette* v. *Commonwealth, supra* at 133; *Querubin* v. *Commonwealth, supra* at 118-119. We recognize that there are differences between these detention statutes and the one presently under review; nevertheless, the principles involved in those contexts are relevant here and support our conclusion.[7]

3. The third reported question is whether a judge may release a defendant on bail pending a continued dangerousness hearing. We conclude that the wording of G. L. c. 276, § 58A, does not give a judge discretion to release a defendant pending a dangerousness hearing once there is a determination that probable cause to arrest existed and that there is good cause to continue the hearing.

The relevant portion of G. L. c. 276, § 58A (4), states that "[d]uring a continuance, the individual *shall* be detained upon a showing that there existed probable cause to arrest the person" (emphasis added). "[A] statute is to be interpreted 'according to the intent of the Legislature ascertained from all its words construed by the ordinary and approved usage of the language, considered in connection with the cause of its enactment, the mischief or imperfection to be remedied and the main object to be accomplished, to the end that the purpose of its framers may be effectuated.' " *Kobrin* v. *Gastfriend,* 443 Mass. 327, 331 (2005), quoting *Triplett* v. *Oxford,* 439 Mass. 720, 723 (2003).

---

[7]The juvenile argues that the confrontation clause of the Sixth Amendment to the United States Constitution guarantees his right to cross-examine witnesses. The preceding discussion of the procedures to which he is entitled encompasses this specific argument.

The statute's language, especially the use of the word "shall," leaves no doubt that the Legislature intended confinement during the continuance if the Commonwealth establishes probable cause to arrest. See *Commonwealth* v. *Knapp*, 441 Mass. 157, 162 (2004). See also *Hashimi* v. *Kalil*, 388 Mass. 607, 609 (1983) ("The word 'shall' is ordinarily interpreted as having a mandatory or imperative obligation"). This interpretation is consistent with the overarching purpose of the bail detention statute of which the continuance provision is a part. The statutory scheme is devoted to keeping people who have been determined to be dangerous from harming society for a certain period prior to trial. See *Victor V.* v. *Commonwealth*, 423 Mass. 793, 796 (1996). It would make little sense to release them for the time pending the determination of dangerousness.

To summarize, we answer the reported questions as follows: (1) the Commonwealth may make the probable cause to arrest showing required by G. L. c. 276, § 58A (4), by means of a complaint issued in accordance with court rules or, alternatively, by means of a police report; (2) at the continuance phase the defendant does not have the right to an evidentiary hearing, but rather, his interests are adequately protected by a hearing at which counsel for both sides can argue and make representations to a judge who has discretion to expand the scope of the hearing; and (3) a judge has no discretion to release a defendant on bail pending a dangerousness hearing if the judge finds that there was probable cause to arrest and good cause to continue the hearing.

The case is remanded to the single justice for entry of a judgment consistent with this opinion.

*So ordered.*