NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-13411

COMMONWEALTH  vs.  DANTE S. PADILLA.


January 18, 2024.


Pretrial Detention.  Bail.  Department of Youth Services.
    Statute, Construction.  Moot Question.


This case is before us on three questions reported by a Superior Court judge, pursuant to Mass. R. Crim. P. 34, as amended, 442 Mass. 1501 (2004).  The parties agree that the first and second questions have since been answered by this court's recent opinion in Nicholas-Taylor v. Commonwealth, 490 Mass. 552 (2022).  The third question asks for a determination whether G. L. c. 119, § 68, eighth par., which concerns the pretrial confinement of juveniles who have been charged with murder, is unconstitutional.  With some minor points of clarification, we agree that our opinion in Nicholas-Taylor, supra, controls the answers to the first and second questions. However, for the reasons discussed infra, we decline to answer the third question concerning the constitutionality of the statute, where the issue has become moot in the circumstances of this case.[1]

1. Background.  The defendant was indicted in the Superior Court in Suffolk County for murder in the second degree, among other charges, when he was sixteen years old.  He was ordered

_____

[1] We acknowledge the amicus brief filed jointly by the youth advocacy division of the Committee for Public Counsel Services, the Massachusetts Association of Criminal Defense Lawyers, and Citizens for Juvenile Justice in support of the defendant.  We also allow the motion filed by the Department of Youth Services (DYS) seeking leave to respond to the amici.  See Mass. R. A. P. 17 (b), as appearing in 481 Mass. 1635 (2019).

held without bail pending trial. Pursuant to G. L. c. 119, § 68, eighth par., the court was required to commit him "to the custody of the sheriff" for his pretrial detention. The Suffolk County sheriff entered into a "courtesy" arrangement with the Department of Youth Services (DYS), whereby the defendant would be held at a DYS facility until his eighteenth birthday.

In advance of the defendant's eighteenth birthday, he was informed that, upon turning eighteen, he would be returned to the sheriff for placement in an adult facility for the remainder of his pretrial detention. In an attempt to facilitate the defendant's continued placement with DYS, a judge in the Superior Court ordered that the defendant be released on personal recognizance on the murder charge, held on cash bail on one of the related nonmurder charges, and remain held by DYS pending further court order. Thereafter, DYS entered the case as an interested party and moved for reconsideration of the bail order or, in the alternative, for the judge to report questions of law concerning the court's authority to impose such an order. The judge chose to report the following three questions to the Appeals Court:

> 1. "Does G. L. c. 119, § 68[,] allow a Superior Court judge to commit a person under age [eighteen] charged with committing murder in the first or second degree pursuant to G. L. c. 119, § 74[,] to DYS's care as a pre-trial detainee pending disposition of the murder charge(s)?"
>
> 2. "If the answer to question 1 is 'No,' can a Superior Court judge set bail on a charge related to, but other than murder in the first or second degree, charged pursuant to G. L. c. 119, § 74, whether severed or joined, such that a person under age [eighteen] is not held on bail on the murder charge and the last paragraph of G. L. c. 119, § 68[,] does not apply, thus committing a person under age [eighteen] to DYS's care as a pre-trial detainee pending disposition of the murder charge(s)?"
>
> 3. "If the answer[s] to questions 1 and 2 are 'No,' is the last paragraph of G. L. c. 119, § 68[,] unconstitutional?"

We subsequently transferred the matter from the Appeals Court on our own motion.[2]

---

[2] The defendant has since turned eighteen and pleaded guilty to, inter alia, the lesser charge of manslaughter, rendering this appeal moot. DYS nonetheless urges the court to answer the

2.  Discussion.  a.  First and second questions.  The parties assert, and we agree, that this court's recent opinion in Nicholas-Taylor v. Commonwealth, 490 Mass. 552 (2022), controls the answers to the first and second questions. However, in light of ambiguous phrasing that appears in both questions, we begin by clarifying their meaning.

The first two questions are phrased in terms of the trial court judge's ability to commit an individual to "DYS's care" as a pretrial detainee.  The report from the Superior Court includes the parties' joint stipulation that the current practice of DYS is to accept pretrial "care" of juvenile defendants charged with murder until their eighteenth birthday.[3] See G. L. c. 119, § 68, first par. (permitting court to commit juveniles, other than those charged with murder, "to the care" of DYS prior to trial).  Taken together, these statements would seem to suggest that the first two reported questions concern the legality of DYS's current practice of housing pretrial detainees charged with murder until their eighteenth birthday. However, a closer review of the stipulated record[4] indicates that this is not the issue at stake in the reported questions.

Although DYS houses certain juvenile defendants charged with murder pretrial, it does not do so by court order but pursuant to an agreement with the county sheriff that is designed to accommodate Federal law.  As we noted in Nicholas-

_____

reported questions, as did the defendant in his brief before the Appeals Court.  We agree that the questions raised are of public importance, and we recognize that the appeal has been fully briefed by both parties.  See Commonwealth v. Humberto H., 466 Mass. 562, 573 (2013); Commonwealth v. Lester L., 445 Mass. 250, 253 (2005) (reaching reported questions about statute concerning pretrial detention where issue was of recurring importance, but very likely to evade review).  However, we decline to answer the third reported question for the reasons discussed in the last section of this decision.

[3] Throughout this opinion, we use the term "juvenile defendant" to refer to a defendant who was under the age of eighteen at the time of the commission of the offense.  See Nicholas-Taylor v. Commonwealth, 490 Mass. 552, 552 n.1 (2022).

[4] With the assent of the defendant, DYS has filed a motion to expand the record to include a supplemental appendix.  We hereby allow that motion.

Taylor, 490 Mass. at 554 & n.5, certain Federal grant programs generally restrict individuals under eighteen from having "sight or sound contact" with the adult population of a detention facility. See 34 U.S.C. § 11133(a)(11),(12),(13); 28 C.F.R. § 115.14. County sheriffs lack detention facilities that are capable of accommodating this requirement. As a result, when a sheriff receives custody of a juvenile defendant charged with murder, the sheriff requests that DYS agree to temporarily hold the defendant on a "courtesy" basis. Under a courtesy hold agreement, the juvenile defendant is held in a restrictive, so-called "hardware secure" program within a DYS facility until his or her eighteenth birthday. For the duration of the courtesy hold, the sheriff retains responsibility for the juvenile's court transportation and security, medical and dental care, and mental health treatment. Since 2017, the average number of juvenile defendants held by DYS under this arrangement has hovered between four and five individuals.

In the proceedings below, no party contested the ability of the Suffolk County sheriff to enter into a courtesy agreement with DYS to hold the defendant until he turned eighteen. Rather, the reported questions arose out of DYS's challenge to the bail order, issued shortly before the defendant's eighteenth birthday, placing him in DYS custody and ordering that he remain held at a DYS facility until further order of the court. The judge below indicated that the questions were being reported for the purpose of assessing whether the defendant could "remain in DYS custody during the pendency of the charges after turning age [eighteen]." Accordingly, we construe the first and second questions as concerning whether the judge has the authority to commit a juvenile defendant charged with murder to the custody of DYS.

So construed, the first and second questions have been answered in the negative in this court's recent opinion in Nicholas-Taylor. There, we observed that the plain language of G. L. c. 119, § 68, "is clear: if a juvenile offender is charged with murder and held pending trial, he or she is to be committed to the custody of the sheriff." Nicholas-Taylor, 490 Mass. at 557. A trial court judge may not seek to sidestep the statutory language by ordering that a juvenile defendant charged with murder be committed to the custody of DYS on a related nonmurder offense that has been properly joined.[5] See id.

---

[5] We note that the second question is phrased in terms of setting bail on a related nonmurder charge, "whether severed or joined" with the murder charge. Neither this case nor Nicholas-

Rather, "where a juvenile defendant charged with murder and a nonmurder offense properly joined pursuant to Mass. R. Crim. P. 9 (a)[, 378 Mass. 859 (1979),] is held by the Superior Court for trial, the plain language of G. L. c. 119, § 68, requires that the Superior Court judge commit the defendant to the custody of the sheriff."  Id. at 559.  Accordingly, the answers to the first and second questions are "No."

b.  Third question.  The third reported question asks whether, "[i]f the answer[s] to questions 1 and 2 are 'no,' . . . the last paragraph of G. L. c. 119, § 68[,] [is] unconstitutional."  Put more simply, the third question asks whether G. L. c. 119, § 68, eighth par., is unconstitutional because it does not permit a Superior Court judge to commit a juvenile defendant charged with murder and held for trial to the custody of DYS.

As a general matter, "[w]e do not decide constitutional questions unless they must necessarily be reached" (citation omitted).  Dinkins v. Massachusetts Parole Bd., 486 Mass. 605, 616 (2021).  And in the context of reported questions, we are reluctant to answer a question that calls for a "determination of the constitutionality of [a statute] in the abstract."  Commonwealth v. Two Juveniles, 397 Mass. 261, 264-265 (1986) ("It is a traditional and salutary practice of this court to decline to answer a constitutional question until the circumstances of a case are established and require an answer to the constitutional question").  This is particularly true where, as here, the constitutional question has become moot.  See note 2, supra.  See also Matter of Sturtz, 410 Mass. 58, 60 (1991).  Although this court has exercised its discretion to reach a moot constitutional question in certain circumstances, such as those involving an issue of "broad importance" where the unresolved question has resulted in ongoing uncertainty and confusion, we decline to do so here.  Commonwealth v. Feliz, 486 Mass. 510, 513-514 (2020).  The defendant asks this court not to reach the issue, and DYS has not provided a compelling reason for this court to opine, in the abstract, as to the constitutionality of the statute.  Accordingly, we decline to provide an answer to the third reported question.

---

Taylor concerned a charge that had been severed from the murder indictment, and neither party has briefed the issue.  Thus, we construe and answer the second question only insofar as it concerns related nonmurder charges properly joined with the murder indictment, without expressing an opinion as to severed charges.  See Nicholas-Taylor, 490 Mass. at 559.

<u>Conclusion</u>.  We answer "No" to the first and second questions, as we have construed them, and decline to answer the third question.  See <u>Commonwealth</u> v. <u>Trumble</u>, 396 Mass. 81, 91 (1985).  The report is discharged, and the case is remanded to the Superior Court for further proceedings consistent with this opinion.

<u>So ordered</u>.


<u>Katherine W. Briggs</u> for Department of Youth Services.
<u>Eva G. Jellison</u> for the defendant.
<u>Taylor Henley</u>, Committee for Public Counsel Services, for youth advocacy division of the Committee for Public Counsel Services & others, amici curiae, submitted a brief.