## COMMONWEALTH *vs.* DAVID J. BLACK.

Franklin. October 6, 1988. — January 4, 1989.

Present: HENNESSEY, C.J., WILKINS, LIACOS, LYNCH, & O'CONNOR, JJ.

*Animal. Trapping. Practice, Criminal,* Dismissal, Appeal by Common-
wealth. *Statute,* Construction. *Words,* "Steel jaw leghold trap."

The judge in a criminal case acted properly in granting, over the Common-
wealth's objection, the defendant's motion to dismiss, where the Com-
monwealth willingly participated in pretrial procedures potentially dis-
positive of the case, raising no objection nor making any attempt to
inform the judge of its desire to offer additional evidence and where,
in any event, it appeared that the parties followed, in substance, the
procedures established in *Commonwealth* v. *Brandano,* 359 Mass. 332
(1971), each having filed affidavits, counter affidavits, and memoranda
of law for the judge's review. [677-678]

In a case in which the defendant was charged with using a "steel jaw leghold
trap" in violation of G. L. c. 131, § 80A, the judge correctly granted
the defendant's motion to dismiss where, after hearing arguments on
the motion, examining the trap in question, a so-called "Woodstream
Soft Catch Trapping System," and reviewing the affidavits and
memoranda of law submitted by the parties, he found that the "soft catch
trapping system" was neither a "steel jaw leghold trap" nor a trap designed
to cause injury or suffering to a trapped animal. [678-679]

COMPLAINT received and sworn to in the Orange Division
of the District Court Department on December 30, 1986.

A motion to dismiss was allowed by *Edward J. Shea,* J.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*David C. Hoover,* Special Assistant Attorney General, for
the Commonwealth.

*Francis L. McDonald* for the defendant.

*James R. Hanson* of Ohio & *Francis L. McDonald,* for
Concerned Coastal Sportsmen's Association, Inc., & others,
amici curiae, submitted a brief.

*Sara Romer & Beth A. O'Neill,* for Massachusetts Society for the Prevention of Cruelty to Animals, amicus curiae, submitted a brief.

*Douglas G. Sanborn* of New Jersey *& Carol L. Reiter,* for Friends of Animals, Inc., amicus curiae, submitted a brief.

LYNCH, J. The defendant was charged in the Orange Division of the District Court Department with using a "steel jaw leghold trap" in violation of G. L. c. 131, § 80A (1986 ed.).[1] Pursuant to Mass. R. Crim. P. 13, 378 Mass. 871 (1978), the defendant moved to dismiss the complaint arguing that his trap, a Woodstream Soft Catch Trapping System,[2] is not a "steel jaw

---

[1] General Laws c. 131, § 80A, provides in part: "No person shall use, set, place or maintain any steel jaw leghold trap on land for the capture of fur-bearing mammals except in or under buildings on land owned, leased, or rented by him. The steel jaw leghold trap may be used for the capture of fur-bearing mammals in water only if set in such a manner that all reasonable care is taken to insure that the mammal dies by drowning in a minimum length of time. No other device which is set in such a manner that it will knowingly cause continued suffering to such a mammal caught therein, or which is not designed to kill such a mammal at once or take it alive unhurt shall be used, set, placed or maintained for the capture of fur-bearing mammals; provided, however, that a person or his duly authorized agent may apply to the director for a special permit to use such traps, other than the steel jaw leghold trap, on property owned by such person. Issuance of such special permits shall be governed by rules and regulations adopted by the director pursuant to chapter thirty A."

[2] The Woodstream brand "Soft Catch Trapping System" was granted a United States patent on December 10, 1985 (patent number 4,557,068). The patent's abstract provides: "A padded leghold trap of the pivoting jaw type includes recessed portions of the jaws in which respective pads are disposed. The pads each have concave facing surfaces with an inner edge that barely touches the inner edge of the other pad in the sprung position of the jaws, leaving the remainder of the concave facing surfaces mutually spaced. A trapped animal is held between the padded jaws which spring closed and traps the animal's leg without breaking the leg or causing edema. Attempts by the trapped animal to pull its trapped limb from between the jaws causes the radially inner pad edges to roll over toward the limb and thereby increase the retention forces. A retainer for the pad is disposed over an access slot in the pad, which access slot is provided to deploy the pad on the jaw. The retainer includes a bent lip which deforms the pad toward the jaw to prevent the pad from being pulled off the jaw by a trapped animal. An anchor chain is secured centrally of the trapped frame to assure that forces exerted by a trapped animal in trying to escape are directed generally perpendicular to the jaws to thereby minimize damage to the animal."

leghold trap" prohibited by § 80A. After hearing argument on the motion, examining the trap in question, and reviewing the affidavits and memoranda of law submitted by the parties, the District Court judge found that the "soft catch trapping system" is not a "steel jaw leghold trap" and it is not designed to cause injury or suffering to the trapped animal, and therefore granted the defendant's motion to dismiss.[3] The Commonwealth appealed the dismissal pursuant to Mass. R. Crim. P. 15 (a), 378 Mass. 882 (1979). We transferred the case here on our own motion. We affirm.

1. *Motion to dismiss.* The Commonwealth argues that the District Court judge lacked the authority to grant the dismissal motion because finding that the "soft catch trapping system" is not a "steel jaw leghold trap" is the equivalent of entering a nolle prosequi, which power is reserved to the Commonwealth's prosecutors. See *Commonwealth* v. *Brandano*, 359 Mass. 332, 335-336 (1971). Although this issue is raised for the first time on appeal, the Commonwealth argues it is properly before us since a court's authority to act raises a jurisdictional issue which may be raised at any stage of the proceedings. *Commonwealth* v. *Andler*, 247 Mass. 580, 581-582 (1924). *Commonwealth* v. *Hawkins*, 21 Mass. App. Ct. 766, 767 (1986).

The Commonwealth argues that deciding this issue in the context of a motion to dismiss, as opposed to a full evidentiary hearing, was improper because the judge's decision was not based on all the contemplated evidence.[4] That argument has no

---

[3] Even though the judge's order dismissing the complaint found that the "soft catch trapping system" was not designed to cause injury and suffering to an animal and therefore would not violate § 80A's prohibition against any other devices set in a manner that knowingly would cause continued suffering to the trapped animal, we do not address that issue since the original complaint did not allege such a violation and the parties have not briefed or argued the issue.

[4] Issues such as whether the defendant owned the trap, whether the particular trap used was a "Woodstream Soft Catch Trapping System," and whether the defendant set the trap, are all factual questions normally subject to an adversary proceeding and reserved for the finder of fact. However, the defendant admitted these facts and the only real dispute was a question of law for the judge: Was the trap a "steel jaw leghold trap?"

force where the Commonwealth not only failed to object to the procedure, but rather agreed that no witnesses would be called at the hearing. In *Commonwealth* v. *Brandano, supra* at 337, we stated that, when the defendant seeks dismissal of a complaint over the Commonwealth's objection, each party should submit affidavits in support of its position and there should be a hearing on any disputed matter. In *Commonwealth* v. *Clark*, 393 Mass. 361, 365 (1984), we held that the judge's use of the *Brandano* procedure when hearing the defendant's pretrial motion to dismiss, because of the insufficiency of the Commonwealth's contemplated evidence, was inappropriate since the Commonwealth's stipulations and offers of proof indicated that there was additional evidence. See *Rosenberg* v. *Commonwealth*, 372 Mass. 59, 63 (1977). Clearly these principles do not apply where the Commonwealth willingly participates in pretrial procedures potentially dispositive of the case, raising no objection nor making any attempt to inform the judge of its desire to offer additional evidence.

Furthermore, an examination of the record discloses that the parties followed, in substance, the procedures laid out in *Brandano*. Each party filed affidavits, counter affidavits, and memoranda of law. Additionally, each party filed further affidavits after the motion hearing. We note that, if the Commonwealth had not agreed to this procedure and the defendant were acquitted at trial, the Commonwealth would not have been able to seek appellate review. *Commonwealth* v. *Therrien*, 383 Mass. 529, 532 (1981). See Mass. R. Crim. P. 15 (a). In these circumstances we conclude that the judge acted properly in deciding the case on the basis of the defendant's motion.

2. *Steel jaw leghold trap.* It is a well-established principle that a penal statute must be strictly construed against the Commonwealth. *Commonwealth* v. *Perry*, 391 Mass. 808, 813 (1984). *Commonwealth* v. *Clinton*, 374 Mass. 719, 721 (1978). *Commonwealth* v. *Federico*, 354 Mass. 206, 207 (1968).

In determining the type of traps prohibited by the phrase "steel jaw leghold trap" we must not regard any of the statute's words as superfluous and each term should "be given its ordinary meaning without overemphasizing its effect upon the other

terms appearing in the statute, so that the enactment considered as a whole shall constitute a consistent and harmonious statutory provision capable of effectuating the presumed intention of the Legislature." *Commonwealth* v. *Woods Hole, Martha's Vineyard & Nantucket S.S. Auth.*, 352 Mass. 617, 618 (1967). The Commonwealth argues that the terms "steel jaw leghold trap" and "leghold trap" have been used interchangeably and refer to the same device, and therefore the "soft catch trapping system" is properly characterized as a "leghold trap of the coil spring type." To accept the Commonwealth's argument would require us to disregard the Legislature's use of the term "steel" in the statutory definition.

The Commonwealth also argues that, since the "soft catch trapping system" operates by means of two semi-circular jaws which, when sprung, snap around the animal's leg by means of a coil spring, it is a jawed leghold trap. Consequently, the Commonwealth argues, because the trap's semi-circular jaws are made of steel, it is a "steel jaw leghold trap," even though the jaw's contact surfaces have rubber pads. The defendant argues that the term "steel jaw" more aptly refers to gripping elements that come together and hold the animal's leg because, otherwise, a trap's mechanism could be made of some other material, such as plastic, and have a steel gripping element and would not be a steel jaw leghold trap. It is enough to resolve this conflict to say that the judge had the trap before him. He found that the trap was not a "steel jaw leghold trap." Since the statute must be strictly construed, the judge was correct.

*Order of dismissal*
*affirmed.*