COMMONWEALTH *vs.* SCOTT A. GALLANT.

Worcester. Suffolk. December 2, 2008. - April 9, 2009.

Present: MARSHALL, C.J., IRELAND, SPINA, COWIN, CORDY, & BOTSFORD, JJ.

*Threatening. Intimidation of Judge. Practice, Criminal,* Detainer. *Moot Question.*

This court, equally divided, affirmed the dismissal of a criminal complaint alleging threatening to commit the crime of murder, in violation of G. L. c. 275, § 2. [541]

A District Court judge properly dismissed a criminal complaint alleging intimidation of a judge in violation of G. L. c. 268, § 13B, where the alleged threats and intimidating statements were made with reference to a judge conducting a care and protection proceeding, not a criminal case. [541-543]

This court's dismissal of both counts of a criminal complaint necessitated the vacation of a pretrial detention order pursuant to G. L. c. 276, § 58A, which in turn rendered moot a challenge to a ruling on the duration of that detention. [543]

COMPLAINTS received and sworn to in the Worcester Division of the District Court Department on November 26, 2007.

A motion to dismiss was heard by *Thomas F. Sullivan, Jr.,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on February 25, 2008.

The case was reported by *Spina,* J.

*Jane A. Sullivan,* Assistant District Attorney, for the Commonwealth.

*Tom G. Vukmirovits* for the defendant.

CORDY, J. The defendant, Scott A. Gallant, was charged by complaint in the Worcester District Court with threatening to commit the crime of murder in violation of G. L. c. 275, § 2, and intimidating a judge in violation of G. L. c. 268, § 13B. The charges resulted from reports made by the attorney representing

Gallant in a care and protection proceeding in the Juvenile Court, about messages that Gallant left on the attorney's telephone answering machine after the judge ruled against him. We here dispose of two challenges by the Commonwealth to rulings made by the District Court judge. The first is an appeal from the judge's dismissal of both counts of the complaint for lack of probable cause. We affirm the dismissal of the complaint. The second is a petition filed under G. L. c. 211, § 3, challenging the judge's denial of the Commonwealth's motion to exclude time from Gallant's pretrial detention order (entered pursuant to G. L. c. 276, § 58A), which otherwise expired ninety days from its entry. We dismiss the Commonwealth's petition as moot.

1. *Background.* a. *Procedural history preceding dismissal of complaint.* At Gallant's arraignment, which took place on November 27, 2007, the Commonwealth moved for a dangerousness hearing and pretrial detention pursuant to G. L. c. 276, § 58A. Gallant was held at the Worcester County jail and house of correction (jail) without bail pending the hearing.[1] After holding the hearing, the judge determined that no conditions of Gallant's release would reasonably assure the safety of certain persons or the community, and on December 3, 2007, ordered that Gallant be detained for not longer than ninety days pending trial. See G. L. c. 276, § 58A (3).

Gallant first moved to dismiss the complaint on December 20, 2007. On January 18, 2008, while his motion was pending, Gallant was sent from the jail to Bridgewater State Hospital (Bridgewater) pursuant to G. L. c. 123, § 18 (*a*), which permits the evaluation and hospitalization of inmates who appear to be mentally ill. On January 22, 2008, the Commonwealth requested a trial date of February 21 or February 22, 2008, either of which would be within the ninety-day pretrial detention period. The judge set a trial date of February 19, 2008. The judge held a hearing on Gallant's motion to dismiss on February 8. On February 11, as the date of the trial was approaching, the judge denied

[1] In the interim, the Commonwealth moved for an evaluation of Gallant under G. L. c. 123, § 15 (*a*) and (*b*), for competency to stand trial and criminal responsibility. On November 29, 2007, after an evaluation at Bridgewater State Hospital (Bridgewater), Gallant was found competent to stand trial.

a request by the Commonwealth to compel the attorney to testify as to the contents of the messages that Gallant left on the answering machine.

b. *Dismissal of complaint.* On February 13, 2008, the judge dismissed both counts of the complaint for failing to satisfy the probable cause requirement of Mass. R. Crim. P. 3 (g), as appearing in 442 Mass. 1502 (2004). The information that was presented to the clerk-magistrate in support of the complaint is set forth in State Trooper Keith M. Egan's application for criminal complaint and attached documents. It is essentially as follows.

On November 21, 2007, the attorney related to the Massachusetts Trial Court security department that he had received six voice messages from Gallant within a sixteen-minute period on November 8, 2007. The messages consisted of inappropriate comments regarding the Juvenile Court judge and a court social worker. The comments were sexual and inappropriate. Gallant stated in one of the messages that "some people need to be exterminated with prejudice." Gallant also indicated that he knew where the judge lived and that the judge has two children. The Juvenile Court judge was presiding over a hearing regarding Gallant's rights to visitation with his child. The threats were made after the judge ruled against Gallant in reference to visitation rights because the judge did not accept Gallant's explanation for his failed drug test. Gallant's behavior was "escalating," and required a police presence in front of the Juvenile Court judge's house. Gallant was then under psychiatric care, had recently tested positive for cocaine, and was classified as a level two sex offender. Gallant had a past history of threatening, drug use, and abuse. Gallant had a prior conviction in 2006 for threats to commit murder. He was also convicted of intimidation in 2006. In light of these facts, Trooper Egan stated his belief that Gallant may be a risk to the judge's safety.

Trooper Egan attached to his application an incident report from the Massachusetts Trial Court security department also relating the attorney's report of Gallant's messages. This report states that the attorney reported Gallant's messages because the attorney was "concerned about [Gallant's] behavior." The report also states that Gallant asked that the attorney be removed from

his case.[2] Trooper Egan also attached a copy of an application for a criminal complaint in a prior case that resulted in the issuance of a complaint against Gallant on February 3, 2006, for threatening to murder and intimidating a witness in another matter. The police report setting forth the facts underlying those charges was also attached. It states that the complainant witness reported that Gallant threatened to kill or hurt him no fewer than twelve times and warned him not to testify against Gallant in a case involving the destruction of property. The police report also referred to Gallant's criminal record, which listed "77 board of probation entries starting in December of 1985," many of which involved threats or violence.

In dismissing the complaint, the judge reasoned that the facts constituting the basis for the complaint did not support "every element" of the charged offenses. As to the threat offense, the judge concluded, without elaboration, that Gallant's statements did not amount to the crime of threatening to murder a judge. The judge noted that he considered the police report on which prior criminal complaints had been issued, but concluded that it did "not add sufficient information to conclude th[at] Gallant's November 2007 Statement amounted to a threat to murder." As to the intimidation offense, the judge reasoned that G. L. c. 268, § 13B, as appearing in St. 2006, c. 48, § 3, did not apply to this case because it requires the Commonwealth to prove that Gallant specifically intended to "affect a criminal proceeding," not a care and protection proceeding. He further reasoned that even if § 13B applied to a care and protection proceeding, the statement of facts and attachments were insufficient to support the elements of intimidating a judge, and that the "reasonable inference to draw from the facts provided is that Gallant intended that the voice mail message to his attorney would not be forwarded to the [J]uvenile [C]ourt or the judge presiding over his care and protection proceeding or anyone else."

c. *Procedural history after dismissal of complaint.* On February 13, 2008, the same day that the judge dismissed the com-

---

[2]It is unclear in the report whether Gallant made this request in the messages he left for the attorney or some time thereafter. In any event, another attorney was assigned to represent Gallant in the Juvenile Court proceedings.

plaint, the Commonwealth filed in the District Court a notice of appeal from the denial of the Commonwealth's request to compel the attorney to testify, and from the dismissal of the complaint. We subsequently transferred the Commonwealth's appeal from the dismissal of the complaint to this court on our own motion.[3]

Also on February 13, 2008, the judge held a hearing during which he discussed the status of the case with the parties. At the hearing, the Commonwealth indicated its intent to appeal from at least some of the judge's rulings to a single justice of this court. The parties also discussed Gallant's detention status. Gallant was, at that time, still being held at Bridgewater pursuant to G. L. c. 123, § 18, but was also subject to the G. L. c. 276, § 58A, detention order. The judge acknowledged that even if he vacated the § 58A order, Gallant could be held at Bridgewater beyond the § 18 evaluation period if officials at Bridgewater sought a civil commitment order pursuant to G. L. c. 123, §§ 7 and 8. The judge stated his intention to release Gallant from all custody on February 19, 2008, unless a single justice ordered otherwise or unless officials at Bridgewater decided to seek Gallant's civil commitment in the interim. On February 14, 2008, the judge informed Gallant and the Commonwealth that officials at Bridgewater had notified him of their intent to seek Gallant's civil commitment, and that the civil commitment hearing would be held on February 28, 2008. The judge therefore did not order Gallant released on February 19.

On February 21, 2008, the Commonwealth filed a motion pursuant to G. L. c. 276, § 58A (3), and Mass. R. Crim. P. 36 (b) (2), 378 Mass. 909 (1979), to exclude time from the ninety-day pretrial detention order. Specifically, it sought to exclude all the time that Gallant had spent or would spend in custody pursuant to G. L. c. 123, §§ 7, 8, and 18, and all the time spent litigating the attorney-client privilege and motion to dismiss issues, including any interlocutory appeals. The judge denied the Commonwealth's motion to exclude time and ordered a bail hearing to be held on February 28, 2008.

On February 25, 2008, the Commonwealth filed a petition in the county court pursuant to G. L. c. 211, § 3, challenging and

[3]The Commonwealth's application seeking leave to appeal from the denial

moving to stay the judge's "order . . . vacating a lawful pretrial detention order" in violation of G. L. c. 276, § 58A (3).[4] The single justice allowed the Commonwealth's "motion to stay the order . . . until further order of this court."[5] After taking the matter under advisement, the single justice reserved and reported the § 58A issue to the full court.

Meanwhile, Gallant was civilly committed to Bridgewater pursuant to G. L. c. 123, §§ 7 and 8, for a six-month period commencing on March 19, 2008, expiring on September 18, 2008, and then subsequently committed to an additional term of up to one year pursuant to G. L. c. 123, § 18. Gallant was transferred from Bridgewater to Worcester State Hospital in October, 2008.

2. *Discussion.* Rule 3 (g) (2) provides that "[t]he appropriate judicial officer shall not authorize a complaint unless the information presented by the complainant establishes probable cause to believe that the person against whom the complaint is sought committed an offense." The Reporters' Notes to Mass. R. Crim. P. 3 (g) (2), Mass. Ann. Laws Court Rules, Rules of Criminal Procedure at 1331 (LexisNexis 2008), state, in part:

> "The standard of probable cause to authorize a complaint is the same as the standard that governs the grand jury's decision to issue an indictment. '[A]t the very least the grand jury must hear sufficient evidence to establish the identity of the accused . . . and probable cause to arrest him.' *Commonwealth* v. *O'Dell*, 392 Mass. 445, 450 (1984), quoting *Commonwealth* v. *McCarthy*, 385 Mass. 160, 163 (1982). As in the grand jury or arrest context, the probable cause determination at this stage of the process may be based on hearsay. All that is required is 'reasonably trustworthy information . . . sufficient to warrant a prudent man in believing that the defendant had committed . . . an

---

of its request to compel the attorney to testify remains pending in the county court, but is rendered moot by our affirmance of the dismissal of the complaint.

[4]Despite the label, the Commonwealth is challenging the District Court judge's denial of the Commonwealth's motion to exclude time from that attributed to the G. L. c. 276, § 58A, pretrial detention order. The judge never entered an order vacating the § 58A detention order.

[5]Insofar as the District Court judge did not enter an order·vacating the pretrial detention order, we take this to mean that the single justice stayed the release of Gallant from the terms of the § 58A detention order pending a decision on the exclusions sought by the Commonwealth.

offense,' [*Commonwealth* v. *O'Dell, supra*]. This standard is considerably less exacting than the one that a judge must apply at a probable cause hearing under subdivision (f). *Id.* at 451."[6]

See *Commonwealth* v. *Lester L.*, 445 Mass. 250, 255-256 (2005) (discussing probable cause under rule 3 [g] [2]).

We explained in *Commonwealth* v. *O'Dell, supra* at 451, that "a requirement of sufficient evidence to establish the identity of the accused and probable cause to arrest him is considerably less exacting than a requirement of sufficient evidence to warrant a guilty finding." "Probable cause [to arrest] does not require the same type of specific evidence of each element of the offense as would be needed to support a conviction." K.B. Smith, Criminal Practice and Procedure § 3.51, at 126-127 (3d ed. 2007). See *Commonwealth* v. *Santaliz*, 413 Mass. 238, 241 (1992) (probable cause to arrest not equivalent to prima facie case). "[P]robable cause [to arrest] exists where . . . the facts and circumstances . . . are enough to warrant a prudent person in believing that the individual arrested has committed . . . an offense." *Commonwealth* v. *Storey*, 378 Mass. 312, 321 (1979), cert. denied, 446 U.S. 955 (1980).

We review the District Court judge's dismissal order in light of this probable cause standard.

a. *Threat to commit murder.* The dismissal of count one of the complaint for threatening to commit the crime of murder in violation of G. L. c. 275, § 2, is affirmed by an equally divided court.

b. *Intimidation of a judge.* General Laws c. 268, § 13B, provides in pertinent part: "(1) Whoever, directly or indirectly, willfully (*a*) threatens . . . physical injury, emotional injury, economic injury or property damage to . . . or (*c*) . . . intimidates or harasses another person who is . . . a judge . . .

---

[6]The standard for a probable cause determination before a defendant is bound over to the Superior Court under Mass. R. Crim. P. 3 (f), as appearing in 442 Mass. 1502 (2004), is "the test a trial judge uses to determine a motion for a required finding of not guilty. . . . This standard is more stringent than the one that governs the grand jury's determination." Reporters' Notes to Mass. R. Crim. P. 3 (f), Mass. Ann. Laws, Rules of Criminal Procedure at 1329 (LexisNexis 2008).

with the intent to impede, obstruct, delay, harm, punish or otherwise interfere thereby with a criminal investigation, grand jury proceeding, trial or other criminal proceeding of any type shall be punished . . . ."

The Commonwealth argues that the same evidence that establishes probable cause that Gallant threatened to murder a judge also establishes probable cause that he intimidated or attempted to intimidate the judge. In advancing this argument, the Commonwealth contends that § 13B does not require proof that a defendant intended to affect a *criminal* trial. Rather, the statute can be satisfied by proof that a defendant intended to affect *any* trial. The claim is without merit.

"Criminal statutes, of course, are to be strictly construed." *Commonwealth* v. *Spearin*, 446 Mass. 599, 604 (2006). The principle of ejusdem generis is a "rule of construction [that] is employed to ascertain the correct meaning of words by limiting 'general terms which follow specific ones to matters similar to those specified.' " *Powers* v. *Freetown-Lakeville Regional Sch. Dist. Comm.*, 392 Mass. 656, 660 & n.8 (1984), quoting *United States* v. *Powell*, 423 U.S. 87, 91 (1975). The principle of noscitur a sociis, which is "a broader formulation of the ejusdem generis principle," suggests "that a word gains meaning from others with which it is associated." H.J. Alperin & L.D. Shubow, Summary of Basic Law § 19.10, at 846 (3d ed. 1996).

In applying these principles, it is apparent that the Legislature intended the word "trial" in § 13B to refer only to criminal trials. The words surrounding the word "trial" (i.e., "criminal investigation, grand jury proceeding . . . or other criminal proceeding of any type") relate only to criminal cases. Other language in the statute also makes plain that § 13B is directed at proceedings within the criminal justice system. For example, the statute prohibits certain conduct directed at:

"[A] witness or potential witness at any stage of a criminal investigation, grand jury proceeding, trial or other criminal proceeding of any type; . . . a person who is or was aware of information, records, documents or objects that relate to a violation of a criminal statute, or a violation of conditions of probation, parole or bail; . . . a judge,

juror, grand juror, prosecutor, police officer, federal agent, investigator, defense attorney, clerk, court officer, probation officer or parole officer; . . . a person who is or was furthering a criminal investigation, grand jury proceeding, trial or other criminal proceeding of any type; or . . . a person who is or was attending or had made known his intention to attend a grand jury proceeding, trial or other criminal proceeding of any type . . . ."

G. L. c. 268, § 13B. We reject the Commonwealth's interpretation of § 13B, and turn to the question of probable cause.

Gallant's alleged threats and intimidating statements were made with reference to a judge in the Juvenile Court conducting a care and protection proceeding. "Care and protection proceedings are civil in nature . . . ." R.L. Ireland, Juvenile Law § 3.1, at 5 (2d ed. 2006). Accordingly, the complaint fails to establish probable cause to believe that Gallant violated § 13B, and the judge properly dismissed count two of the complaint.[7]

Having affirmed the dismissal of both counts of the complaint, we vacate the pretrial detention order pursuant to G. L. c. 276, § 58A. This renders moot the Commonwealth's petition under G. L. c. 211, § 3, challenging the judge's ruling on the duration of Gallant's pretrial detention.

3. *Conclusion.* The District Court judge's order dismissing the complaint is affirmed. The pretrial detention order pursuant to G. L. c. 276, § 58A, is vacated. The stay ordered by the single justice is vacated. With respect to the Commonwealth's petition pursuant to G. L. c. 211, § 3, reserved and reported to us by a single justice, a judgment shall be entered in the county court dismissing the petition as moot.

*So ordered.*

---

[7]Given our resolution of this issue, we need not address Gallant's arguments that G. L. c. 268, § 13B, is unconstitutionally vague or overbroad.