### Commonwealth *vs.* Anthony Bell.

No. 12-P-284.

Suffolk. November 16, 2012. - January 8, 2013.

Present: Grasso, Vuono, & Milkey, JJ.

*Intimidation of Witness. Witness,* Intimidation. *Practice, Criminal,* Complaint, Dismissal.

A Boston Municipal Court judge erred in allowing the criminal defendant's motion to dismiss a complaint charging him with intimidation of a witness, where the application for a complaint gave the issuing magistrate probable cause to believe that the defendant's acts (i.e., threatening the victim immediately after he had been found guilty of exposing himself to her, and before sentencing, when she would have the opportunity to make her victim impact statement to the trial judge), viewed in context, supported issuance of a complaint on that charge. [62-64]

Complaint received and sworn to in the Central Division of the Boston Municipal Court Department on July 21, 2011.

A motion to dismiss was heard by *Franco J. Gobourne, II*, J.

*Vincent J. DeMore*, Assistant District Attorney, for the Commonwealth.

*Paul A. Mishkin* for the defendant.

Grasso, J. The Commonwealth appeals from an order of a Boston Municipal Court judge allowing the defendant's motion to dismiss a criminal complaint charging him with intimidation of a witness. See G. L. c. 268, § 13B. For the reasons that follow, we reverse.

1. *Background.* The application for the complaint against the defendant alleged as follows:

"On June 22, 2011, at approximately 4:50pm, [the defendant] leaned behind his attorney, looked in the direction of [the victim] and stated, 'I'll see you on the street.' [The defendant] made this statement in Courtroom 19 at

the Boston Municipal Courthouse, Central Division, after he had been found guilty of Open and Gross Lewdness and Lascivious Behavior, but before [the trial judge] had sentenced him in the case."

On July 21, 2011, a complaint issued for intimidation of a witness. Following his arraignment, the defendant moved to dismiss the complaint against him, asserting that the complaint failed to set forth probable cause. See Mass.R.Crim.P. 3(g)(2), as appearing in 442 Mass. 1502 (2004). After a nonevidentiary hearing, the motion judge concluded that the application established probable cause for threats but not for intimidation of a witness. The motion judge reasoned that the application was deficient because it failed to demonstrate probable cause that the defendant possessed the requisite intent required for witness intimidation.[1] We disagree. In concluding that the application failed to establish probable cause that the defendant uttered his threats to the victim with the requisite "intent to impede, obstruct, delay, harm, punish or otherwise interfere" with a criminal trial, G. L. c. 268, § 13B, the motion judge measured too stringently the essentials of probable cause for issuance of a complaint. See *Commonwealth v. Gallant*, 453 Mass. 535, 540-541 (2009).

*2. Discussion.* "After the issuance of a [criminal] complaint, a motion to dismiss will lie for a failure to present sufficient evidence to the clerk-magistrate (or judge), see *Commonwealth v. McCarthy*, 385 Mass. 160 (1982), for a violation of the integrity of the proceeding, see *Commonwealth v. O'Dell*, 392 Mass. 445 (1984), or for any other challenge to the validity of the complaint." *Commonwealth v. DiBennadetto*, 436 Mass. 310, 313 (2002). Unless the Commonwealth consents, a motion to dismiss a criminal complaint for lack of probable cause is decided from the four corners of the complaint application, without evidentiary hearing. See *Commonwealth v. Black*, 403 Mass. 675, 677-678 (1989); *Commonwealth v. DiBennadetto, supra.*

---

[1] General Laws c. 268, § 13B, as amended through St. 2010, c. 256, § 120, provides in pertinent part as follows:

> "Whoever, directly or indirectly, willfully . . . threatens . . . (i) a witness or potential witness at any stage of a . . . criminal proceeding of any type . . . with the intent to impede, obstruct, delay, harm, punish or otherwise interfere thereby, or do so with reckless disregard, with such a proceeding shall be punished . . . ."

At issue here is whether the complaint set forth probable cause to believe that the defendant intimidated the victim in a just-concluded trial wherein the trial judge found the defendant guilty of open and gross lewdness. See Mass.R.Crim.P. 3(g)(2). The standard of probable cause to authorize a criminal complaint is the same as the standard that governs the grand jury's decision to indict. See *Commonwealth* v. *Gallant*, 453 Mass. at 540-541; Reporters' Notes to Mass.R.Crim.P. 3(g)(2), Mass. Ann. Laws Court Rules, Rules of Criminal Procedure, at 1344-1345 (LexisNexis 2012). See also *Commonwealth* v. *Lester L.*, 445 Mass. 250, 255-256 (2005) (discussing probable cause under rule 3[g][2]). The complaint application, like a grand jury presentment, must contain sufficient evidence to establish the identity of the accused and probable cause to arrest him. See *Commonwealth* v. *McCarthy*, *supra* at 163; *Commonwealth* v. *O'Dell*, *supra* at 450. All that is required is "reasonably trustworthy information . . . sufficient to warrant a prudent man in believing that the defendant had committed . . . an offense." *O'Dell*, *supra*, quoting from *Commonwealth* v. *Stevens*, 362 Mass. 24, 26 (1972). The requirement of sufficient evidence to establish the identity of the accused and probable cause to arrest him is considerably less exacting than the requirement that a judge must apply at trial or at a probable cause hearing under G. L. c. 276, § 38. See *Gallant*, *supra* at 541 n.6. See also *Eagle-Tribune Publishing Co.* v. *Clerk-Magistrate of the Lawrence Div. of the Dist. Ct. Dept.*, 448 Mass. 647, 655 (2007), quoting from Commentary to Standard 1:00 of the District Court Standards of Judicial Practice: The Complaint Procedure (1975) (describing clerks and judges of District Court as serving "grand jury-type function" in issuing criminal process). Indeed, "[p]robable cause [to arrest] does not require the same type of specific evidence of each element of the offense as would be needed to support a conviction." *Gallant*, *supra* at 541, quoting from Smith, Criminal Practice and Procedure § 3.51, at 126-127 (3d ed. 2007).

Here, the sole issue before the motion judge was whether the issuing magistrate had probable cause to believe that the defendant's acts, viewed in context, supported issuance of a complaint for intimidation of a witness. The application did just that. The

time, place, and circumstances of the defendant's threat to the victim sufficed to establish probable cause that he intimidated a witness in a criminal proceeding. The defendant made his threat immediately after he had been found guilty of open and gross lewdness arising from his exposing himself to the victim, and before sentencing, when she would have the opportunity to make her victim impact statement to the trial judge. Viewed in that context, the defendant's intent was a fairly obvious inference. See *Commonwealth* v. *McCreary*, 45 Mass. App. Ct. 797, 800-801 (1998). The fact that the defendant had been found guilty did not end the reach of the intimidation statute. See *Commonwealth* v. *Cathy C.*, 64 Mass. App. Ct. 471, 473 (2005).

In sum, the motion judge erred in dismissing the complaint against the defendant. A judge considering a motion to dismiss should not confuse the question of probable cause to arrest with questions more properly resolved by the fact finder at trial. See *Commonwealth* v. *Riley*, 73 Mass. App. Ct. 721, 730-731 (2009). Even at trial, "[m]atters of intent are rarely proved by direct evidence and are most often proved circumstantially." *Id.* at 730. Just as the "grand jury is not the appropriate forum for reconciling subtle gradations of offenses," neither is the application in support of a criminal complaint the proper forum for resolving such refinements. *Commonwealth* v. *Goldstein*, 54 Mass. App. Ct. 863, 868 (2002). See *Commonwealth* v. *Simpson*, 54 Mass. App. Ct. 477, 480-481 (2002).

*Order allowing motion to dismiss*
*complaint reversed.*