The defendant, Ryan Taylor, appeals from his assault and battery conviction arguing that the judge erred in denying his motion to dismiss that charge because the criminal complaint application lacked probable cause and evidence outside of the application was considered. We affirm.
The following facts are relevant to the defendant's appeal. On October 12, 2013, the police responded to a report of shoplifting and assault and battery at a store in Everett. An officer spoke with the store manager, who stated that a group of two black women and one black man had stolen a pair of shoes worth $325. When the store manager tried to stop them in the store, the man pushed him and they fled. When the store manager approached the group outside of the store, attempting to prevent the theft, they told him to stay from their car. The man then punched the store manager in the face, knocking him down, and the group fled in a blue Ford Explorer. The store manager provided the police with the vehicle's license plate number and photographs (photos) of the incident. The police determined that the Ford Explorer was rented, and the rental company provided them with the defendant's name and date of birth. The police used that information to obtain a photo of the defendant from the Registry of Motor Vehicles (RMV), which they later showed to the store manager as part of a photo array. The store manager was unable to identify the defendant as the person who punched him. Nevertheless, the police believed they had enough information to charge the defendant, based on a conversation with an assistant district attorney. A clerk-magistrate found that the criminal complaint application established probable cause, and a complaint issued, charging the defendant with assault and battery.[2]
At the hearings on the defendant's motion to dismiss the charges, both parties asked the judge to consider information outside the criminal complaint application. The defendant asked the judge to consider statements made by the store manager, who, after the defendant's arraignment, met with prosecutors and told them that they had charged the wrong person and that a different person, whom he named, had punched him. In turn, the Commonwealth stated that it had the RMV photo of the defendant, as well as the photos given to the police by the store manager, from which the judge could infer that the defendant was the person who punched the store manager. The judge requested copies of the photos, which the prosecution provided. In his margin endorsement denying the defendant's motion, the judge stated that his decision was based in part on his "review of the still pictures," which were not included in the criminal complaint application.
We review the judge's ruling for an abuse of discretion. An abuse of discretion occurs where a judge has "made 'a clear error of judgment in weighing' the factors relevant to the decision such that the decision falls outside the range of reasonable alternatives." L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014) (citation omitted).
"After the issuance of a [criminal] complaint, a motion to dismiss will lie for a failure to present sufficient evidence to the clerk-magistrate (or judge), see Commonwealth v. McCarthy, 385 Mass. 160 (1982), for a violation of the integrity of the proceeding, see Commonwealth v. O'Dell, 392 Mass. 445 (1984), or for any other challenge to the validity of the complaint." Commonwealth v. DiBennadetto, 436 Mass. 310, 313 (2002). Generally, a motion to dismiss a criminal complaint for lack of probable cause is decided from the "four corners" of the complaint application. Commonwealth v. Bell, 83 Mass. App. Ct. 61, 62 (2013). On the other hand, with the consent of the parties, the judge may consider the sufficiency of the evidence, as opposed to the issue of probable cause, in advance of trial. See Commonwealth v. L. A. L. Corp., 400 Mass. 737, 739 (1987), quoting from Commonwealth v. Hare, 361 Mass. 263, 270 (1972) ("Nothing we hold today prevents the parties from testing the sufficiency of the evidence by stipulation or by some other proceeding, agreeable to the parties, which avoids a long and costly trial"). Whether to entertain such a motion to dismiss is within the discretion of the judge. See Commonwealth v. Clark, 393 Mass. 361, 365 (1984).
Here, the motion to dismiss was limited to the issue of probable cause. Although they purported to argue within the four corners of the criminal complaint application, both parties urged the judge to consider evidence outside the application. The defendant argued that there was no probable cause to believe that the defendant was the person who assaulted the store manager, in part due to the store manager's statement to prosecutors that the defendant was the "wrong guy" and his inability to identify the defendant based on his RMV photo. In response, the prosecutor argued, "[S]ince you are hearing information outside those four corners today, since you[']re hearing information about what the [store manager] may or may not have said six months ago, you should also hear that we have the photographs taken as described by [c]ounsel outside the store that do confirm that it is the defendant before you." The judge then asked the prosecutor to provide copies of the photos, which the judge relied on in making his decision. Because the defendant also intended to rely on information outside the application, and because he did not object to the Commonwealth's offering, we cannot say that the judge abused his discretion in considering the photos as he did.
Judgment affirmed.

The complaint also charged the defendant with larceny and a second count of assault and battery; the defendant was found not guilty of these two charges.