On June 19, 2017, the Chelsea District Court issued a complaint charging the defendant with two counts of assault by means of a dangerous weapon, in violation of G. L. c. 265, § 15B (b ) (counts one and six); assault by means of a dangerous weapon on a person sixty years or older, in violation of G. L. c. 265, § 15B (a ) (count two); defacing property, in violation of G. L. c. 266, § 126 (count three); and two counts of threat to commit a crime, in violation of G. L. c. 275, § 2 (counts four and five). Having concluded that the complaint failed to establish probable cause to believe that an assault by means of a dangerous weapon had occurred, a District Court judge dismissed counts one, two, and six. For the reasons that follow, we vacate the order of dismissal.
Background. The application for a complaint alleged, in pertinent part, as follows. At approximately 3 P . M . on June 19, 2017, Officers Chung and Hysa of the Chelsea police department were dispatched to 91 Burma Road in response to a report of a female threatening the caller with a knife. Upon arriving at the scene, Officer Chung spoke with Maria Tropeano. Tropeano explained that Melody Louis, who is the former girl friend of the father of her baby, came by the apartment and began making threats. Tropeano's newborn daughter and her grandmother also were present. Tropeano had taken a video of the incident with her cellular telephone. Officer Chung watched the video and observed the defendant "kick the front common door multiple times, brandish a knife and then str[ike] the door a few more times within striking distance of [Tropeano and her grandmother]." The knife remained in the defendant's hand as she "exhibit[ed] menacing conduct." The defendant stated to Tropeano and her grandmother, "'Y Tu Mi Amor, You gonna die bitch,' while [the] knife was still presented in an overt manner." The defendant continuously attempted to gain entry but was unsuccessful. The officer noted that, while the defendant was wielding the knife at the front common door, Tropeano was holding her baby. Tropeano stated that she did not know why the defendant came by that day, but that her whole family was in fear.
The defendant moved to dismiss all of the charges except one charge of threat to commit a crime. At the hearing on the motion, defense counsel provided the judge with an image of a portion of the video referenced in the application for the complaint and argued, "based on what [he] saw," that a steel door separated the defendant from Tropeano and her grandmother during the incident. According to defense counsel, given the presence of the door between Tropeano and her grandmother, and the defendant, Tropeano and her grandmother could not "reasonably" perceive the defendant's conduct as imminently threatening a battery.[2]
The Commonwealth asserted that there was probable cause to believe that the defendant had committed the offense and urged the judge to deny the motion to dismiss. In response to the argument that no assault had occurred, the prosecutor stated: "In terms of somebody getting through a door, we have no information as far as whether or not this door is locked, whether this door can easily be opened. I think that that's a question for the jury to determine at trial." After some further discussion, the judge dismissed the counts charging assault by means of a dangerous weapon, reasoning that the defendant could not assault someone through a closed door.[3]
Discussion. In reviewing a motion to dismiss a complaint, the judge must decide whether the application for the complaint contains "sufficient evidence to establish the identity of the accused ... and probable cause to arrest [her]." Commonwealth v. Humberto H., 466 Mass. 562, 565 (2013), quoting Commonwealth v. McCarthy, 385 Mass. 160, 163 (1982). The complaint application must include information to support probable cause as to each essential element of the offense. Probable cause exists where there is "reasonably trustworthy information sufficient to warrant a reasonable or prudent person in believing that the defendant has committed the offense." Humberto H., 466 Mass. 565, quoting Commonwealth v. Roman, 414 Mass. 642, 643 (1993). Probable cause "does not require the same type of specific evidence of each element of the offense as would be needed to support a conviction," Commonwealth v. Bell, 83 Mass. App. Ct. 61, 63 (2013), quoting Commonwealth v. Gallant, 453 Mass. 535, 541 (2009), and is evaluated from the four corners of the application for a complaint. Humberto H., 466 Mass. at 565. Our review of the order of dismissal is de novo, id. at 566, and we view the complaint in the light most favorable to the Commonwealth. Commonwealth v. Leonard, 90 Mass. App. Ct. 187, 190 (2016).
Here, there is no dispute that the information set forth in the application for the complaint is sufficient to establish the identity of the defendant. The issue is whether the application established probable cause to believe that the defendant committed an assault by means of a dangerous weapon. In the circumstances presented, the form of assault at issue is immediate threatened battery. Accordingly, the Commonwealth was required to show that the defendant intentionally engaged in menacing conduct that reasonably caused Tropeano and her grandmother to fear an imminent battery and that the assault was perpetrated by means of a dangerous weapon.[4] Commonwealth v. Melton, 436 Mass. 291, 295 n.4 (2012).
We conclude that the information was sufficient to support the issuance of the counts of the complaint for assault by means of a dangerous weapon. First, the complaint set forth sufficient information for probable cause to believe that the defendant intended to place Tropeano and her grandmother in fear of an imminent battery when she engaged in menacing behavior outside the door of Tropeano's apartment, made threatening remarks to Tropeano and her grandmother while brandishing a knife, and continuously attempted to gain entry through the front door. Second, a reasonable person could perceive this conduct as an immediately threatened battery because of the defendant's use of the knife and her proximity to Tropeano and her newborn daughter. While we acknowledge that the defendant did not gain entry, the question whether the door could be opened is one of many questions that should be resolved by a trier of fact. Accordingly, we conclude that counts one, two, and six of the complaint satisfied the "probable cause requirement, which is not particularly burdensome." Commonwealth v. Coggeshall, 473 Mass. 665, 671 (2016).
The order dismissing counts one, two, and six of the complaint is vacated, those counts are reinstated, and the case is remanded for further proceedings consistent with this memorandum and order.[5]
So ordered.
Vacated and remanded.

Defense counsel stated: "At no time were [the defendant and Tropeano and her grandmother] ever face to face. There was always that door in between. I would put forth, your Honor, that it is -- there is no apparent ability for [the defendant] to complete any kind of an assault or an assault and battery in regards to that. She was behind this door at the time, and that's the whole thing that I was given, your Honor, was this video and this police report and based on that -- "

The judge said: "Well, it says '[the defendant] continuously attempted to gain entry but was unsuccessful,' so the door was closed the whole time. So how can you have an immediately threatened battery when the door cannot be opened? And if you ever went to trial, I don't know how you'd ever get a -- by a motion for directed verdict, but that's not what we're talking about today. But she's outside the door. The door is shut. She's trying to open the door. The door cannot be opened. So how can you assault someone through a closed door?"

The defendant does not dispute that the complaint establishes probable cause to believe that a knife constitutes a dangerous weapon.

Given our conclusion, we need not address the Commonwealth's additional argument that the judge erred by considering facts not contained within the four corners of the application for a complaint.